NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONROE GILBERT, | |
| Plaintiff, | Civil Action No. 21-146 (JXN)(JBC) |
| v. | **OPINION** |
| QUIANA A. BARTON, et al., | |
| Defendants. | |

**NEALS**, District Judge

The Court considers, *sua sponte*, whether this case should be dismissed for lack of prosecution and failure to comply with the Court's Order. For the reasons set forth herein, this case is **DISMISSED WITHOUT PREJUDICE**.

## I.  BACKGROUND AND PROCEDURAL HISTORY

On January 5, 2021, Plaintiff Monroe Gilbert ("Plaintiff") filed his Complaint against Defendants Quiana A. Barton, Jane Doe 1-5 (being fictitious designations), Joseph Smith Jr., John Doe 1-5 (being fictitious designations), United States Postal Service, ABC Corp (being fictitious designations) and United States of America. ECF No. 1. A summons was issued on January 12, 2021. ECF No. 2.

In March 2021, Plaintiff filed proof of service as to Defendants United States of America, United States Postal Service and Quiana A. Brown. Following months of inactivity, on May 18, 2021, the Honorable John Michael Vazquez, U.S.D.J., entered an order directing that Plaintiff

"move this civil action, by requesting that a **_default and default judgment_** be entered or submitting an extension to answer out of time, within twenty (20) days from the date hereof." ECF No. 8. (emphasis in original). Judge Vazquez's order further provided that "**this action shall be listed for dismissal on June 7, 2021**" should Plaintiff fail to comply. *Id.*

Plaintiff has not requested the entry of default and default judgment or requested an extension to do so.

## II.      DISCUSSION

### A.  Rule 41, Failure to Prosecute

Courts have the authority to dismiss a lawsuit pursuant to Federal Rule of Civil Procedure 41(b) "for failure to 'prosecute or to comply with [the] rules or a court order.'" *Foreman*, 2015 WL 1931453, at *1 (quoting Fed.R.Civ.P. 41(b)).  Local Civil Rule 41.1 similarly provides that civil cases "which have been pending in the Court for more than 90 days without any proceedings having been taken therein must be dismissed for lack of prosecution . . . unless good cause is shown with the filing of an affidavit or other document complying with 28 U.S.C. § 1746 from counsel of record or the unrepresented party."

Plaintiff's Complaint was filed on January 5, 2021 and proof of service was on filed on March 31, 2021. *See* ECF Nos. 1 and 7. Plaintiff has failed to take any subsequent action in this matter. Here, "good cause" has not been shown by the filing of an affidavit or other document from Plaintiff's counsel.

### B.  Rule 16(f), Failure to Comply with Court Orders

Federal Rules of Civil Procedure 16(a) through (e) prescribe standards governing pretrial conferences, scheduling orders, and case management. Rule 16(f) provides, in relevant part, that

"[o]n motion or on its own, the court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed.R.Civ.P. 16(f)(1)(C).

Here, Plaintiff has failed to comply with the explicit terms of Judge Vazquez's May 18, 2021 Order, to wit: to "move this civil action, by requesting that a ***default and default judgment*** be entered or submitting an extension to answer out of time, within twenty (20) days from the date hereof." ECF No. 8 (emphasis in original). As provided herein, Plaintiff has not requested the entry of default and default judgment or requested an extension to do so.

Ordinarily, the Court ensures "that a party still has [his or] her day in court," *Knoll v. City of Allentown*, 707 F.3d 406, 410 (3d Cir. 2013) and considers the six factors adopted by the Third Circuit in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984) before dismissal. The *Poulis* factors need not be considered, however, where the dismissal is without prejudice. *Choi v. Kim*, 258 Fed.Appx. 413, 417 at n. 5 (3d Cir. 2007).

### III.   CONCLUSION

For the foregoing reasons, this matter is **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and for failure to comply with the Court's orders.

An appropriate Form of Order accompanies this Opinion.

DATED: July 26, 2021

      s/Julien Xavier Neals
Julien Xavier Neals
United States District Judge